UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

DALE W. ROCK,                              )
                                           )
        Plaintiff,                         )
                                           )
    v.                                     )    CIVIL NO.  3:14cv1715
                                           )
CAROLYN COLVIN, Acting                     )
Commissioner of Social Security,           )
                                           )
        Defendant.                         )

OPINION AND ORDER

This matter is before the court on an Amended Motion for an Award of Attorneys Fees

Under 42 U.S.C.(b), filed by the Plaintiff, Dale W. Rock, on July 28, 2016.  The defendant

Commissioner has not responded to the motion.  However, in his motion, Plaintiff indicates that

he has discussed the fee request with the Commissioner's counsel, and the Commissioner has

indicated that it would not oppose the award.

Discussion

Plaintiff's counsel states that in his original fee request [DE 36], he requested a fee of

$22,589.45.  After discussing the fee with the Commissioner's counsel, Plaintiff's attorney has

now amended that figure to $21,498.95.  This new figure is based on information from the

Commissioner that Plaintiff received $4,362.00 in SSI benefits on a subsequent application and

that such amount would be deducted from Plaintiff's past-due benefits in accordance with the

Agency's windfall-offset rules.

Plaintiff filed a claim for Disability Insurance Benefits (DIB-Title II) and Supplemental

Security Income Benefits (SSI-Title XVI) on December 30, 2011. (Dkt. 13 at 140-52) Plaintiff's

claims were denied on February 7, 2012. *Id*. at 70, 74. Plaintiff retained Keller & Keller LLP for

representation on April 1, 2012. (Plaintiff's Exhibit A) Plaintiff agreed that "if any of my claim(s) progress beyond the Office of Disability Adjudication and Review administrative hearing level for review . . . and is then favorably decided that my attorney . . . may elect to use the fee petition process to petition for up to 25% of all past due benefits without limitation." *Id.* He also agreed to "pay the costs of development of my claim(s), including but not limited to . . . costs for medical records/reports that may be requested by my attorney at his/her discretion." *Id.*

Plaintiff filed a request for reconsideration, but was denied again on June 6, 2012. (Dkt. 13 at 85, 92) Plaintiff requested an administrative hearing on June 25, 2012. *Id.* at 99-100. On March 13, 2013, Plaintiff appeared in Valparaiso, Indiana for a hearing before Administrative Law Judge (ALJ) Mario G. Silva of the Office of Disability Adjudication and Review (ODAR). *Id*. at 39-65. On April 24, 2013, ALJ Silva issued an unfavorable determination. *Id.* at 20-33. Plaintiff filed a request for review with the Appeals Council, but the Appeals Council denied the request on May 9, 2014. *Id*. at 1-4. Plaintiff timely filed this civil action on July 8, 2014. (Dkt. 1) On August 11, 2015, this Court issued an order remanding the Commissioner's unfavorable determination for further consideration under sentence four of 42 U.S.C. § 405(g). (Dkt. 32, 33) On November 17, 2015 Plaintiff's attorney obtained an order for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(a)-(d), from this Court in the amount of $4,100.00. (Dkt. 35) Plaintiff's attorney received this payment.

After his claim was reconsidered by the Agency, Plaintiff's claim for disability benefits was approved June 6, 2016. (Plaintiff's Exhibit B) Plaintiff has been awarded past-due Title II benefits totaling $90,357.80. (Plaintiff's Exhibit C)

The Social Security Act's provisions governing fees for representation are found in 42

U.S.C. § 406; *see Gisbrecht v Barnhart*, 535 U.S. 789, 794 (2002) (reviewing history of attorney

fees under the Social Security Act). Section 406(a) governs fees for representing claimants in the

administrative process, so a federal court does not determine whether to award any fee for

representation under section 406(a). 42 U.S.C. § 406(a). Section 406(b) governs attorney fees for

successful litigation for benefits under Title II of the Social Security Act such as Disability

Insurance Benefits, 42 U.S.C. §§ 416(I), 423, and, pursuant to § 302 of Public Law 108-203, for

litigation for benefits under Title XVI of the Social Security Act or Supplemental Security

Income, 42 U.S.C. §§ 1382, 1382a. 42 U.S.C. § 406(b). Section 406(b)(1) provides:

> Whenever a court renders a judgment favorable to a claimant . . . who was
> represented before the court by an attorney, the court may determine and allow as
> part of its judgment a reasonable fee for such representation, not in excess of 25
> percent of the total of the past-due benefits . . . .

42 U.S.C. § 406(b)(1).

The court must review all fee requests under § 406(b). Congress intended such review not

to override the claimant and counsel's fee arrangement but rather to act as an "independent

check" to ensure that the arrangement yielded a reasonable result in the particular case.

*Gisbrecht*, 535 U.S. at 807. "Congress has provided one boundary line: Agreements are

unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due

benefits." *Id.* Within the 25% boundary, the attorney for the successful claimant must show that

the fee sought is reasonable for the services rendered. *Id.* In making this determination, the court

may consider the character of the representation and the results obtained, reducing an award if the

attorney is responsible for delay in the proceeding that had the effect of inflating past-due

benefits, or if the fee is so large in comparison to the amount of time counsel spent on the case

that the fee would constitute a windfall to the attorney. *Id*. at 808.

In the present case, Plaintiff's attorney contends that the requested fee of $21,498.95 is reasonable. This amount reflects a valid contract between Plaintiff and his counsel, the substantial risk associated with this litigation and potential recovery, the results obtained for the Plaintiff, the time Counsel expended on the matter and the required refund of the fee award previously obtained under EAJA.

Plaintiff contracted with Plaintiff's attorney to pay 25 percent of past due benefits without limitation if the undersigned represented him before a federal court and obtained a favorable outcome. (Plaintiff's Exhibit A) After this litigation, Plaintiff received as past-due Title II benefits $90,357.80, which, as noted above, was reduced by $4,362.00 due to Plaintiff's receipt of SSI benefits. (Plaintiff's Exhibit C) Plaintiff's attorney therefore moves that the Court approve an overall award of $21,498.95—or 25 percent of the Plaintiff's past-due benefits. This award is within the statutory maximum of 25 percent of past due benefits and in accordance with what the Plaintiff contracted to pay Counsel.

The Court agrees that the requested fee is reasonable because the requested fee reflects the contingent nature of the recovery. Civil actions for Social Security claimants possess a substantial risk of loss. Between 2005 and 2010, federal district courts affirmed approximately half of the appealed administrate decisions denying such claimants benefits. *See Aspects of Disability Decision Making*, Social Security Advisory Board, July 2012, Chart 65.2 It was also uncertain that Plaintiff's claim would be approved following a federal court remand. *Id.* at Chart 51. Because Plaintiff's attorney may only collect a 42 U.S.C. § 406(b) fee from those who ultimately receive benefits, the risk associated with engaging in such litigation is significant.

Moreover, the requested fee is reasonable because Plaintiff ultimately recovered

approximately $90,357.80 in past-due benefits. Counsel's requested fee—$21,498.95—is considerably less than a typical contingent fee recovery. *See* Herbert M. Kritzer, *The Wages of Risk: The Returns of Contingency Fee Legal Practice*, 47 DePaul L. Rev. 267, 285 (1998); *cf. Continental Illinois Securities Litigation*, 962 F.2d 566, 572 (7th Cir. 1992) (Posner, J.) ("We know that in personal-injury suits the usual range for contingent fees are between 33 and 50 percent"). Moreover, while Plaintiff's attorney is seeking a fee solely from Plaintiff's past-due benefits, Plaintiff will receive much more due to Counsel's efforts before this Court. He will receive ongoing benefits until he dies, reaches retirement age, or becomes no longer disabled. He will also be entitled to the value of health care benefits which accompany an award of benefits under Title II. Thus, Counsel's requested fee reasonably compensates him for the substantial monetary and other benefits which resulted from this litigation.

Additionally, the requested fee also reflects the time and attention which Keller & Keller LLP devoted to Plaintiff's case before this Court. Counsel spent a total of 12.6 attorney hours on the civil litigation and 20.3 hours of non-attorney time. (Plaintiff's Exhibit D) The undersigned law firm also expended 26.2 hours of attorney time and 17.2 hours of non-attorney time before the Agency. (Plaintiff's Exhibit E) If approved for the full amount of this request, Plaintiff's counsel has indicated that he will not request fees for work performed before the agency under § 406(a).

Such compensation in a contingency fee case is not "large in comparison to the amount of time counsel spent on the case." *Gisbrecht*, 35 U.S. at 808; *Everroad v. Astrue*, No. 4:06-cv-100-DFH-WGH, 2009 WL 363646, at *2, *4 (S.D. Ind. Feb. 11, 2009) (approving hourly rate of approximately $800); *Anzalone v. Colvin*, No. 11-cv-552, 2013 U.S. Dist. LEXIS 123793, at *5

(E.D. Wis. August 29, 2013) (approving hourly rate of $579); *Stemper v. Astrue*, No. 04-cv-838-jcs, 2008 U.S. Dist. LEXIS 54951, at *1 (W.D. Wis. July 14, 2008) (approving hourly rate of $666); *Duke v. Astrue*, No. 1:07-cv-00118, 2010 WL 3522572, at *3, *4 (N.D. Ind. Aug. 30, 2010) (approving award equivalent to an hourly rate of $549.14); *Schimpf v. Astrue*, No. 1:06-CV-00018, 2008 WL 4614658, at *3 (N.D. Ind. Oct. 16, 2008) (approving award equivalent to hourly rate of $583.50).

In the present case, Counsel obtained an order for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(a)-(d), from this Court in the amount of $4,100.00 (Dkt. 35) This amount was received by Counsel and Counsel has indicated that it will be refunded. Therefore, Plaintiff's attorney has followed the terms of his agreement and the EAJA statute and has reasonably attempted to reduce the portion of his fee which Plaintiff will pay out of his past-due benefits.

Accordingly, for the reasons set forth above, Plaintiff's attorney has demonstrated that the requested 42 U.S.C. § 406(b) fee of $21,498.95 is reasonable and, therefore, his fee request will be granted.

Conclusion

On the basis of the foregoing, Plaintiff's Motion for Award of Attorney Fees [DE 36] as adjusted by the Amended Motion for Award of Attorney Fees [DE 41], are hereby GRANTED.

Entered:   August 23, 2016

s/ William C.  Lee
William C. Lee, Judge
United States District Court